# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTONIA ARMSTRONG, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:09-20477-1 |

## ORDER TO SHOW CAUSE

Before the Court is Defendant's "Motion to Vacate, Correct, or Set Aside the Petitioner's Sentence Pursuant to 28 U.S.C. § 2255" and Memorandum of Law in Support. (ECF Nos. 111, 111-1.) Both filings are signed by counsel for the Defendant Karen Oakley.[1] (ECF No. 111 at PageID 750, 111-1 at PageID 758.) The claim in the Motion is that Defendant was convicted by "insufficient evidence, which is now demonstrable based on the discovery of new evidence" which violated his Fifth Amendment right to Due Process and now entitles him to an evidentiary hearing. (ECF No. 111 at PageID 741; see also id. at PageID 749 ("Petitioner's right to due process of law as guaranteed by the Fifth Amendment . . . has been violated by the continued incarceration of prisoner, who can demonstrate his innocence *through newly discovered evidence*.") (emphasis added).)

---

[1] The Motion also includes a separate signature page, titled "Verification," which has room for a signature from Defendant but is neither signed nor dated. (ECF No. 111 at PageID 751.)

The associated Memorandum, however, does not discuss newly discovered evidence,[2] instead using the same language as the Motion to argue that "Petitioner's right to due process of law as guaranteed by the Fifth Amendment . . . has been violated by the continued incarceration of Petitioner, who can demonstrate his sentence must be corrected *based on the Amendments to the federal sentencing guidelines.*" (ECF No. 111-1 at PageID 753 (emphasis added).) The Memorandum then argues that, because of the 2023 Amendments to the United States Sentencing Guidelines, "he would not have received a four level increase to the offense level pursuant to U.S.S.G. §2K2.1(b)(6)." (ECF No. 111-1 at PageID 757.) The Memorandum argues that because Defendant was not "charged with drug trafficking [or] found guilty of drug trafficking" the four-point enhancement under §2K2.1(b)(6) for a conviction "with a drug trafficking offense" should not apply. (Id.)

Amendment 891, which updates United States Sentencing Guidelines §2K2.1, makes no change to §2K2.1(b)(6). Section 2K2.1(b)(6) provides for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense[] or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Commentary Application Note 14 specifies that subsection (b)(6)(B) applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense or another offense." Application Note 14(C) goes on to state that "for the purposes of (b)(6)(B), [another felony offense] means any federal, state, or local offense . . . punishable by imprisonment for a term

---

[2] Defendant mentions "newly discovered law" in the memorandum. The 2023 Amendments to the USSG are not evidence.

exceeding one year, *regardless whether a criminal charge was brought, or a conviction obtained.*" United States Sentencing Guidelines §2K2.1, Application Note 14(C) (emphasis added).

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [and] the factual contentions have evidentiary support." FED. R. CIV. P. 11(b).

By signing the Motion and Memorandum before the Court, Counsel for the Defendant has represented at least the following:

1. New evidence has been discovered.

2. The newly discovered evidence demonstrates that Defendant's conviction was based on insufficient evidence.

3. That newly discovered evidence and the 2023 Amendments to the United States Sentencing Guidelines form the basis for a legal argument warranted by existing law or nonfrivolous argument that Defendant's Fifth Amendment Due Process right has been denied.

4. The 2023 Amendments to the United States Sentencing Guidelines, and specifically to § 2K2.1(b)(6), present a nonfrivolous legal argument that "Petitioner's constitutional due process [rights] have been violated . . . his conviction and sentence should be vacated and this matter should be set for rehearings." (ECF No. 111-1 at PageID 757.)

Pursuant to Federal Rule of Civil Procedure 11(c)(3), the Court **ORDERS** Karen Oakley to show cause, no later than **Wednesday, March 13, 2024,** why the filing of the Motion and associated Memorandum at issue here does not violate Federal Rule of Civil Procedure 11(b).

**IT IS SO ORDERED** this the 22nd day of February, 2024.

    /s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE